DAVID RADEMAKER
(Name)
480 Alta Road
(Address)
San Diego, CA. 92179
(City, State, Zip)
P-01361
(CDCR / Booking / BOP No.)

U.S. District Court
Southern District of California
Received

OCT 1 1 2021

Pages: 37
Time: 1:00 PM
Initials: DN

**FILED**

Oct 11 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ JenniferS          DEPUTY

# United States District Court
## Southern District of California

DAVID RADEMAKER

(Enter full name of plaintiff in this action)

                              Plaintiff,

        v.

Dr. GANZEFAUKER P.hd.; Warden COVELLO @ RJD Prison et al.,

(Enter full name of each defendant in this action)

                              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**'21 CV 1757 JLS  AHG**

Civil Case No.
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
N/A

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, DAVID RADEMAKER
                                                          (print Plaintiff's name)
at th RJD -SP                    , who presently resides at   480 Alta road San Diego, CA 92179
                                                          (mailing address or place of confinement)
        Facility A" on July 2019,                         , were violated by the actions of
the below named individuals. The actions were directed against Plaintiff at Facility A" at all times
places, date , listed herein                 see attached
                              on (dates) _____ _____ and
(institution/place where violation occurred)        (Count 1)    (Count 2)    (Count 3)

I 1983 SD Form
(Rev. 8/15)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant  Dr. ZANEFAUKER P.hd., _____ resides in  Believed to be State of Florida
            (name)                                      (County of residence)
and is employed as a  CDCR Psychologist _____ . This defendant is sued in
            (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law:  Licensed psychologist duly employed by the CDCR at the RJD prison - subject to ALL
lawful regulations , policies, procedures, and protocols of the CDCR in safety & security governing
inmate's custody and control...SEE ATTACHED complaint.

Defendant  WARDEN COVELLO _____ resides in  SAN DIEGO California
            (name)                                (County of residence)
and is employed as a  WARDEN _____ . This defendant is sued in
            (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law:  This CDCR Employee is tasked with ultimate supervision managerial and personnel training
and accountability and compliance, this includes ALL INMATES HOUSING and PLACEMENT criteria
and objectives, responsible for reviewing monitoring and responding to ANY inmate population threats
SEE ATTACHED ..

Defendant  Sgt.Q. JACKSON _____ resides in  SAN DIEGO California
            (name)                                (County of residence)
and is employed as a  CDCR Sergeant at RJD _____ . This defendant is sued in
            (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law:  As Sergeant at the RJD prison, see attached complaint herein..

Defendant  P. GONZALEZ _____ resides in  SAN DIEGO, California
            (name)                                (County of residence)
and is employed as a  Corrections Officer at RJD _____ . This defendant is sued in
            (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: As C/O at the RJD prison see attached complaint..

Defendant  Officer ZAMBRANO    - -- resides in San Diego, California and is employed
as a Corrections Officer is being SUED under the color of law and individual/offical capacity:
This Officer works at the prison SEE Attached complaint herein...

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated:   DR. GANZEFAUKER violated constitutionally
(E.g., right to medical care, access to courts,

required MEDIACL CARE,DUE PROCESS, AND CRUEL UNUSUAL PUNISHMENT clause..                              .

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

See attached complaint herein ....

§ 1983 SD Form
(Rev. 8/15)

3

<u>Count 2</u>: The following civil right has been violated: <u>Defendants Q. JACKSON, P. GONZALEZ, AND WARDEN</u>

(E.g., right to medical care, access to courts,

~~COVELLO violated the Plaintiff  DUE PROCESS rights and CRUEL AND UNUSUAL PUNISHMENT CLAUSE~~    .

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u>   [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Please see attached...

<u>Count 3</u>:  The following civil right has been violated:  <u>DEFENDANT ZAMBRANO violated FREEDOM OF</u>

(E.g., right to medical care, access to courts,

SPEACH e.g. privileged mail - access to the courts DUE PROCESS

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Please see attached herein....

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.   SAVE FOR DEFENDANT OFFICER ZAMBRANO - <u>seeking INJUNCTIVE RELIEF</u>

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

Plaintiff filed both CDCR COMPLAINTS and MEDICAL complaints charging the defendants acts and or ommissions...Plaintiff is legally disabled and HIS pleadings are extremely difficult to decipher however REMEDY the allegations never the less..

_____

_____

_____

_____

_____

## E. Request for Relief

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

Off cer ZAMBRANO and ANY OTHER CDCR OFFICIAL

from knowingly deliberately and maliciously - felony d˜struction of, tampering with ANY out going

" legal mail " privileged by state and federal laws protected under free speach & due process

of the law.

    2. Damages in the sum of $ __35,000__ .

    3. Punitive damages in the sum of $ __50,000__ .

    4. Other: Attorney's fee's and cost's for filing

## F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

## G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

      **OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

__10/11/21__
Date

_____
Signature of Plaintiff

PLAINTIFF DAVID RADEMAKER

Plaintiff, David Rademaker ( CDCR #P-01361,) is and was at all times herein a state PRISONER at the R.J. Donovan State Prison located at 480 Alta road, San Diego, Calif-ornia 92179. Was on July 18, 2019, held in the custody of CDCR at San Diego, The Plaintiff at all imes herein is legally disabled " qualified " under Title 42 §12102; and The (RA) Rehabilitation Act § 504 (1973) ; the Armstrong v. Brown 768 F.3d 975, 979 (9th Cir.2014,) ARP ( Armstrong Redemedial Plan ) Docket's § 2948; §2180; § 2479; § 3060; § 2922; that covers ALL CDCR inmates with developemental/mental health impairments, including learning disability , see Coleman v. Schwarzennegger 922 F.Supp 2d 882, 899 n. 11 (E.D. Cal 2009.)

DEFENDANT DR. GANZEFAUKER P.hd.

The defendant Dr. Ganzefauker ( here after " Dr. G', " ) was at all times was duly employed at the RJD State prison assigned to Facility A" yard - as the " E.O.P. " enhanced out-patient pyschologist duly assigned and tasked with the primary custody and care of the plaintiff. That this defendant's responsibilities and administrative duties as a mental health provider is tasked with patient care, clinical welfare and safety, as well as all ethical and state competencies required by California law for preventing or fully disclosing dangerous or imminent risk's or threat's towards any inmate under his custody and care. That this defend-ant's is REQUIRED to exchange all communications on behalf of any and all developemental/ disabled/or functionally impaired inmate, when situations and circumstances are within all reason or requirement, including verbal arrangments consultations and any psychiatric intervention as maybe required to protect and safe guard inmates safety and welfare. That this defendant was trained and informed over CDCR psychiatric welfare & safety policies, provisions, protocols, and custumary practice when " reporting " personal/direct/indirect information governing any inmate's safe keeping while confined at RJD. This defendant was specifically trained to insure " inmate safety " was operationally paramount in day to day dealings. That this defendant acted at all times as CDCR psychologist in his OFFICIAL CDCR CAPACITY and at all times herein within this complaint ACTED UNDER THE COLOR OF LAW..That this defendant signed a ethical oath/contract when provided [h]is license to practice as a psychologist and as a State licensed CDCR psychologist - and knew or should have known

1  - the substantial and unreasonable threat,intimidation, endangerment, and risk existed, and

2  with comprehensive knowledge, deliberately failed to act inaccordance with State and CDCR

3  guidelines to safe-keep, protect, and/or prevent a KNOWN threat of criminal nature, that

4  this defendant PERSONALLY held knowledge of a credible threat, intimidation, and conspiracy

5  for promoting serious violence against the plaintiff -between July 16,17,18, 2019, and failed

6  by derelition of official state duties within CDCR protocol,policy,procedures, and training

7  to " report " the imminent threat posed against the Plaintiff, that at all times herein the

8  repeatedly VIOLATED State & CDCR effect of law...

9                     DEFENDANT Sgt. Q. JACKSON

10  The defendant Sgt.Q. JACKSON, was at all times herein was duly employed as a California

11  State Peace Officer at the CDCR State Prison located at 480 Alta road, San Diego, California

12  92179, that this defendant's official duties were duly assigned to Facility A" as the

13  Correctional Sergeant , and tasked with the managerial supervision, custody , and control,

14  of 11 inmate's housed therein, that this defendant was charged with supervisional and

15  managerial oversite of all staff and inmates subordinate in ensuring the daily adherence

16  to, and compliance thereof - of all CDCR directives,departmental policies, institutional

17  policy & procedures, and STG management e.g. referrals/observations, for the safe-keeping

18  and welfare of ALL INMATES housed in Fcaility A", that this defendant was REQUIRED to

19  protect and serve the community, which required fair and adequate TREATMENT of all inmates

20  under his direct supervision care and custody, that this defendant recieved CDCR training

21  policy directives, and managerial compliance ORDER's & DIRECTIVES concerning CCR 15 §3023;

22  " zero tolerance policies governing inmate STG activity; which strictly prohibits ALL FORMS

23  of known STG threat's,conspirarcies, intimidation, or risk of serious injury," against ANY

24  other inmates housed therein, that this defendant KNEW or SHOULD have known , and easily

25  IDENTIFY all STG inmate's housed within and under his supervision on Facility A" , both

26  through comprehensive strategic preventions plans policies and objectives promulgated in

27  Official CDCR Sergeant's training courses at RJD -CDCR , that this defendant at all times

28  herein deliberately callously with malice and evil acted in dereliction & malfeasance of

his official duties, that this defendant endorse,condoned,encouraged,and promulgated the

unconstitutional savage and criminal harm executed against the plaintiff on July 18,2019,

that this defendant ignored CDCR safeguards, and protective policies while acting in HIS

OFFICIAL CAPACITY  as a RJD Corrections Officer, and that this defendant at all times did

act UNDER THE COLOR OF LAW when HE acted with all complicit and evil intent to CAUSE the

the plaintiff serious irrepable harm/injury, that this defendant KNEW or SHOULD HAVE KNOWN that information communications warning's of the on-going threats, intimidation, and plans in conspirarcy to endanger/harm the plaintiff, that inmate's MONTALVO and MARTIN ere both clear apparent and immed ate THREATS for the purpose of CCR Title 15 §3335; and required immediate and pervasive action to neutralize the unreasonable risk posed by removing them both from the General Population as required by full force and effect of law, that this defendant incompetence,gross negligence,acts and omissions constituting malfeasance and the dereletion of official duties as a CDCR at RJD CAUSED the plaintiff irrepable injury and harm in violation of [h]is constitutional right's..

## DEFENDANT C/O P. GONZALEZ

The defendant P. GONZALEZ, was at all times herein was duly employed as a California State Peace Officer at the CDCR RJ.Donovan State prisoon located at 480 Alta road, San Diego, California 92179, that HIS official duties as a peace officer was assigned as a Security escort on Facility A" level III, that this defendant at all times herein this complaint acted with malice & oppression , and in deliberance in attempts to discredit,silence, and degrade the plaintiff, that this defendant acted with malice and evil attempting to confuse conceal, and obscure the " investigative out come " of the July 18, 2019, stabbing that caused the plaintiff serious irrepable harm, that this defendant acted with vigorous dishonesty and profane abuse by exhibiting conduct unbecoming a peace officer, in attempts to mislead,confuse, and generally LIE to State mental health professional's at RJD contracted by the CDCR, that thismisconduct violated force and effect of law promulgated in CCR 15§3391; that this defendants retaliatory acts of reprisal, harassment, and oppression was malicious in nature , that this defendant ACTED UNDER THE COLOR OF LAW, and IN HIS OFFICIAL CAPACITY as a CDCR peace officer at RJD, and so executed these acts or omissions, and admissions as a complicit agent of his co-defendant's to CAUSE the plaintiff serious harm grief and trauma...

## DEFENDANT C/O ZAMBRANO

The defendant Officer ZAMBRANO is at att times herein duly employed as a California Peace Officer

officer at the RJ. Donovan State prison located at 480 Alta road. San Diego, California 92179. that this defendant was assigned to the Facility A" yard housing unit A-5, and that HIS duties as housing unit officer was the direct custody. supervision, and control officer of ALL inmate's housed in A-5. this includes the collection of ALL out-going mail, and accountability/responsiblity for mail procedures & processing, as defined within CCR Title 15 §3121; §3141; § 3142; ¶ Government Code 1134.4; Penal Code § 2600; §2601; and Section(s) C031.3.0; and C031.5.4; of the Domestic Mail Manual ( U.S.Postal Service ) Issue 46, 7/1/93, U.S. Pos al Regualations, the necessary and essential protections clause and regulatory effect of law, that this defendant did at all times herein did unlawfully censor,destroy, tamper with, and illicitly obstructed " privileged mail " or " legal mail " out-going and duly deposited into the RJ.Donova  A-5 Housing unit " mail box " , that this d-fendant knowing -ly defaced, destroyed, altered, disgraced, and otherwised caused irreparable harm to the plaintiff , that this d fendant OBSTRUCTED the plaintiff court documents, OBSTRUCTED the plaintiffs CONFIDENTIAL & PRIVILEGED COMMUNICATIONS between attorneys, F.B.I., and other legal destinations, that this defendant KNOWING and DELIBERATELY VIOLATED institutional guidelines, procedures, policies, and CDCR departmental protocol governing inmate's out-going LEGAL MAIL collection,process & handling, that this defendant knowingly and deliberately violated the plaintiffs constitutional right's, and did so IN HIS OFFICIAL CAPACITY while ACTING UNDER THE COLOR OF LAW as a Corrections Officer at RJ. Donovan State Prison, that this  defendant at all times HEREIN IS ACTIVELY attempting to silence , obstruct, vex, and annoy the plaintiffs constitutional right's to PROSECUTE THIS CASE against the defendants, that this defendant was CAUGHT in illicit conduct with reg rd to the aforementioned, and at all times was attempting to OBSTRUCT THE PLAINTIFFS DUE PROCESS RIGHT'S, thereby CAUSING the plaintiff SERIOUS IRREPABLE HARM and SIGNIFICANT HARDSHIP AND INJURY..

<u>DEFENDANT ASSOCIATE WARDEN STEADMAN</u>

The defendant Warden STEADMAN, was and is at all times herein duly employed at the R.J. Donovan State Prison at 480 Alta road, San Diego,California 92179, that his official duties encompass managerial supervision and oversite of Facility A" , that this defendants CDCR responsibility involve recieving & responding to personnel & inmate's generated " complaints" that specifically those stemming from electronic " E-mails " from the psychiatric menatal health division of CDCR at RJD, that this defendants is personally responsible for initiating , resolving, and investigating serious issues of misconduct, malfeasance,or dereliction of duties, including acts of dishonesty, and e.g. MAIL TAMPERING, that this defendant KNEW -

of a long-standing " complaint " made by the plaintiff, that this defendant held DIRECT
KNOWLEDGE, that SERIOUS ALLEGATIONS mail tampering/destruction by alledged Corrections
official's was illicitly/adversely affecting the plaintiffs out-going legal mail for MONTHS,
that this defendant failed to ACT in prevention in accordance with the TIMELY administrative
policy,procedures,training,and Departmental protocol's governing FELONY intrusion on Federally
protected mail, that this defendant KNEW or SHOULD have known a SERIOUS FELONY was in active
commission ( on-going ) whereby the plaintiffs out-going mail was being obstructed, and YET
with incompetence and gross negligence FAILED to prevent or salvage the LOSS of the plaintiff
's legal mail - on multiple occasions, that this defendant was DULY COMPLICIT in encouraging,
condoning,or generally allowing suspected culprits to obstruct plaintiffs mail, that this
defendant was duly WARNED of the seriousness of the felony commission, and ACTED OFFICIOUSLY
to further conceal it, that this defendant deliberately eviscerated plaintiffs due process
rights, that th s defendant ACTED UNDER THE COLOR OF LAW as a California Peace Officer,
IN HIS OFFICIAL CAPACITY, thereby CAUSING the plaintiff SERIOUS IRREPABLE HARM..

### DEFENDANT WARDEN COVELLO RJD - 2019

The defendant Warden COVELLO, was at all times herein duly employed as the WARDEN of the
RᵀDonovan State  prison at 480 Alta Road , San Diego,California, between July 16, 2018,
and July 18, 2019, and is directly responsible for instituting the RJ.Donovan local prison
HOUSING MISSION/MATRIX for each facility, that this defendant is personally responsible for
duly considering ALL PRE-EXISTING inmate safety measure & factor's involved with placing

all inmate's within the " general Population " in categorical sequence within each facility,
that this defendant MUST know and familarize him self with ALL inmates classification and
HANDLING REQUIREMENTS i.e. condemed inmates, sensitive needs inmates,STG inmates, ect,
that this includes guidelines and Departmental Directives from headquaters within CDCR,
that this defendant at all times herein was trained in STG " zero tolerance " suppression
strategies/housing/and investigational protocol's, that it was this defendants obligation
to ensure ALL other subordinate Officers under HIS command were well trained and informed

of the dynamic and inter-changing protocol's governing " SNI " Sensitive needs Inmates,
that this defendant was well trained , knowledgeable , and forth right accountable for
SAFELY HOUSING ALL INMATE'S WITH PRE-EXISTING special handling concerns, that this defendant
was well trained and experienced inaccordance with CDCR policy,procedures,protocols,and
practice and customs for detecting,tracking,preventing,and isolating KNOWN threats  -

and on-going RISKS within the inmate population, that this defendant held direct ACCESS to ALL institutional reports and incremental data regarding direct/indirect violence promulgated by the STG sector within the population, the investigational reports, crime incident's, and criminal prosecution referral's for felony commissions within the institution, this defendant was responsible for ALL SECURITY LEVEL CLASSIFICATION - PLACEMENTS, and the reason-able/realistic rehabilitative Departmental goals & objectives, that this defendant is in fact responsible for all PROGRAM MODIFICATION/REVIEWS/AND SUSPENSIONS in lieu of ANY VIOLENCE promulagted on institutional grounds, this includes percieved or apparent dangers, and or threats., That this defendant has a State imposed mandate to provide SAFE and THREAT-FREE environment, that this defendant is responsible for LEGAL OBLIGATIONS to OPERATE the RJD prison under the strict SAFETY & SECURITY protocol's as devised by CDCR Departmental Authority at the Headquater's and approved by State legislature, and that during ANY TIME of mass or REPEATED acts of violence whereby one faction or group of inmate's is being victimized ,the defendant is REQUIRED to take IMMEDIATE REVENTATIVE ACTION to ensure that ALL INMATES remain safe & secure...That this defendant KNEW or SHOULD HAVE KNOWN due to the pervasive systemic pattern of dis riminate violence executed against the E.O.P. inmate's on Facility A" between July 16, 2018 to July 18, 2019, that the plaintiff life was in great danger, and thereby failed to execute departmental protocol in lieu of the statistical data of increased and substantial VIOLENCE to protect and prevent the " stabbing " on July 18, 2019, more over this d fendant acted with GROSS NEGLIGENCE , callous disregard, and malfeasance when allowing the well known escalating VIOLENCE flurish on Facility A" , and thus the palintiff, that this d efendant acted IN HIS OFFICIAL CAPACITY while WARDEN UNDER THE COLOR OF LAW, that this WARDEN is personally RESPONSIBLE FOR OVER 33 separate incident's of VIOLENCE perpetrated against the E.O.P. in discriminative fashion, which encouraged,condoned, advocated, and promoted the July 18, 2019 , " attack " upon the plaintiff CASUSING SERIOUS IRREPABLE HARM and AGUISH, and INJURY...

<u>RADEMAKER v. Dr. GANZEFAUKER P.hd., et. al., CDCR Warden Covello</u>

**SUPPORTING FACTS:**

1) Commencing on July 16,2019 , while on facility A" within the R.J. Donovan state prison located at 480 Alta road San Diego, California 92179. At approximately 1020 hours John DOE'S ( inmates ) both of african-american heritage DOE #1 approximently 230 Lbs., and DOE #2 approximently 210 Lbs., with braids. Approached the plaintiff David Rademaker stating; " Hey man ..We just wanted you to know - we were just sitting infront of 4 block's bench, and we over-heard those two white boys talikin about attacking you! " DOE #2 stated; " Yeah their taliking about getting Rademaker the fuck off this yard - hit him good!! " DOE #1 stated; " Look I think his AKA is ' goofy ' and when we get to Dr. Ganzefauker ( AKA Dr. G" ,) for our ' group session , ' we will let him know. "

2) Based on this encounter , the Plaintiff is informed and believes that Plaintiff's DOE #1 and DOE #2 , went directly to Dr. G" and specifically explained their observation in <u>corroberation</u> to the conspiracy they discovered on the plaintiff's welfare. That this information was " related " to Dr. G" between the hours of 1200-1300 hours July 16, 2019, at R.J.D. Facility A"...

3) On July 17, 2019 during a " group session " involving several " E.O.P. inmates " Dr. G" in fact mentioned a " very dangerous situation " that involves  " RADEMAKER " The plaintiff him self heard Dr. G" openly tell all participant's of the E.O.P. group session,that <u>there was a serious threat of violence against E.O.P.'s</u> , that I recently learned of a threat about RADEMAKER, and so " you guy's need to be careful! " The exact nature of this topic of conversation is captivated in a <u>progress report by Dr. G"</u> time stamped <u>between 1145 - 1245 hours</u> dated July 17,2019. In fact Dr. G" was heard advising " custody about this."

4) The plaintiff is informed and believes that the " custody officer " that was " advised " was  Sgt. Jackson sometime between July 16th and July 17 th prior to the 1145 hours meeting..That Sgt.JACKSON was duly advised of <u>at least one of the conspirator's nick-name being " goofy."</u> The plaintiff is also informed and believes that all the E.O.P. participants within that " group session " are vital witnesses- and thus DOE'S #3, #4, #5,#6,#7,#8,#9,#10,#11,#12, all whom attended this E.O.P. meeting , and can be NAMED from CDCR record keeping which the plaintiff does not hold access to.

5) The plaintiff is also informed and does believe that DOE #1 and DOE# 2 are also " identifiable " from electronic E-mails to JACKSON and or Dr. G" " notes " duly registered on the S.O.M.S. data files.

6) The plaintiff is also informed and believes that there are in existence intradepartmental E-mails, or other electric files reports or communications between Sgt. Q. Jackson and Dr. G" concerning the circumstances discovered by the two african american inmate's , that reported a corroberated  " conspiracy " to assualt the plaintiff on July 18, 2019.

( STATEMENT OF FACTS CONTINUED )

7) On July 17, 2019, between 1410 hours and 1500 hours the plaintiff caught Sgt. Q. JACKSON walking down facility A" track. Stopping - RADEMAKER specifically asked JACKSON if he knew about the two inmate's that came forward to Dr. G" discussing an on-going " plot " to assualt him. Specifically, RADEMAKER asked JACKSON ; " Did they tell you about " goofy " in 4 block? " Jackson responded stating; " Yeah I know all about the ' white boys,' and its not that serious - don't orry about! " RADEMAKER still very much concerned stated; " Yeah, but what about them trying to stabb me? " In reference to what DOE #1 and DOE #2 told Dr. G"..JACKSON responded stating; " Rademaker I am hella busy here - you either go to the hole or take your ass back to the unit - it's your decision? " The plaintiff walked away in fear that something was remiss.

8) On July 18, 2019, at approximently 1405, while RADEMAKER was walking near the " work exchange area " both inmate's MONTALVO CDCR"#. BG6416, and inmate MARTIN (GOOFY) CDCR#AY8528 rapidly approached RADEAMKER from behind as inmate MARTIN" held a 9 " shank made of metal in his right hand, and commenced to repeatedly " stabbing " RADEMAKER in the back over 11+ times causing serious injuries.The responding officer was MARTIN ROSALEZ assigned to the " gun tower " over-seeing facility A". ROSALEZ placed the yard in prone position as He witnessed MARTIN " drop the weapon." RADEMAKER immediately reported to custody that MONTALVO stated; " Die you fucking Jew!! " as he was being stabbed repeatedly..Shortly thereafter another responding officer P. GONZALEZ came upon the scene and places RADEMAKER in cuff's,and escorts Him to the MEDICAL for treatment. As they are walking RADEMAKER was specifically told by GONZALEZ ; " You had your chance to leave," as GONZALEZ physically holds a smirk on his face. At approximently 1540 hours just prior to being placed on " outside transport " headed to the hospital for medical treatment. RADEMAKER over-heard Officer GONZALEZ tell a nurse JANE DOE #1, that was located on the sceen at R.J.D. " TIA " stating; " He stabbed himself in the back with something."

9) On July 21, 2019, after RADEMAKER returned to the RJD prison at approximently at 1745 hours RADEMAKER was immediately placed in a TIA " holding cage " within TIA. At this time Sgt. Q.JACKSON approaches RADEMAKER advising RADEMAKER , that [h]e inexplicably was being " placed on suicide watch." The plaintiff is informed and certainly believes, that this PLACEMENT into " suicide watch " was a deliberate attempt to " silence " and " discredit " the plaintiff. That the co-conspirator's GONZALEZ and JACKSON , did act with all premeditation evil and malice to conceal the acts and omissions constituting deliberate indifference and irreparable harm CAUSED by these fore - named defendant's. The plaintiff suffered the indignity of returning from the hospital ( just after being viciously attacked , ) and placed in a cell NAKED with a " smok " being told that HE was " sucidial " and had harmed him self - thus " stabbing himself in the back 11 times! "

10) Plaintiff is also informed and does believe, that Dr. G" did in fact make some form of verbal contact with his immediate " supervisor " named Dr. KATYAL " on or prior to July 18, 2019, at 1145 hours. Tha Dr. G" specifically told Dr. KATYAL that custody staff " was not acting about this."

11) On July 21, 2019 at approximently 1750 , Sgt. JACKSON returned with a " copy of the CDCR 114-d lock-up ORDER, stating ; " I'm suprised you were never stabbed sooner..You should have left."

( STATEMENT OF THE FACTS CONTINUED )

12) Plaintiff has already suffered multiple accounts of " mail tampering " that is documented pre-dating
the July 18, 2019, stabbing of RADEMAKER ( please refer to attached exhibits commencing on 10-26-17,
in the aftermath of filing a law suit case number 3:18-cv-01831-WQH-AGS, and it's amended version.) The
plaintiff is informed and believes that the MOTIVE for the deliberate indifference dereliction of duties
and malfeasance in failing to protect the plaintiff - was all MOTIVATED by staff reprisal/retaliation
purposely aimed at the plaintiff in effort to silence or intimidate him. Mail tampering complaint's were
duly RECORDED by R.J.D. psychiatric staff in the following order;

    1) 10/26/2017, by John DOE - Psychologist ID # 1127557 - misconduct  ( exhibit - A1 )

    2) 5/10/2018, by Dr. Ganzekfaufer psychologist - destroying legal mail ( exhibit- A2 )

    3) 8/16/2018, by Dr. Ganzefauker psychologist - missing/destroyed legal mail ( exhibit A-3 )

    4) 1/17/2019, by Dr. Ganzekfaufer psychologist - C/O's messing w/legal mail  ( exhibit A-4 )

    5) 1/31/2019, by Dr. Ganzekfaufer psychologist -retaliating RVR's & mail ( exhibit A -5 )

    6) 7/5/2018, by Dr. Ganzekfaufer psychologist - mail RETURNED shredded ( exhibit A -6 )

    7) 8/30/2018, by Dr.Ganzekfaufer psychologist - mail ripped up RETURNED ( exhibit A - 7 )

    8) 6/5/21 by Dr. Sato psychologist - mail ripped up returned/Memo's written ( exhibit A -8 )

Plaintiff went to psychologist SATO on approximently August 13, 2021, and August 18, 2021, attempting to
to explain, that his out-going legal mail was repeatedly being " returned to me shredded or missing articles
I mailed out!! " According to SATO, a intradepartmental E-mail " complaint"was filed on behalf of RADEMAKER
as REQUIRED for all mental health participants at E.O.P. level of care. These " memo's " were directed to
Sgt.Nevarez, Lt. Canedo, and Associate W rden Steadman.. These CDCR employee's were specifically told that
RADEMAKER was complaining " obsessively about his mail being tampered with." For almost 2+ years RADEMAKER
had been filing " complaints " alledging that his mail was being destroyed. In late September 2020, after
a federal court ORDER from the Northern District court Judge in NEWSOM v ARMSTRONG case. R.J.D. prison was
REQUIRED to install surveillance camera's and mandated that ALL corrections officer's WEAR body worn devices
recording their daily interactions with inmates. On  September 7,2021, RADEMAKER yet again experienced another
" incident " where the " legal mail letter " that was duly inspected and sealed/signed by officer Sergio
Lizaraga on August 29, 2021, was RETURNED to the plaintiff by officer VETYLA during distribution of what
is termed " re-route mail ." The SAME legal mail-letter mailed out ( placed into a locked mail box ) on 8/29/21
had been " opened " and shredded, and some of the documents removed - missing. The letter had been RETURNED
inside of a CDCR " U Save Em' " envelope commonly used by CDCR officials to carry institutional mail. RADEMAKER
immediately had inmate CAVALIER CDCR #E-98747, draft and write a " staff misconduct complaint." Inside this
particular complaint RADEMAKER specifically alledges that [h]e highly " suspected " officer " ZAMBRANO "
of being one of the officers tampering with his mail, and that ZAMBRANO was possibly removing the mail

( STATEMENT OF THE FACTS CONTINUED )

from the locked mail box located within the A-5 housing unit. And it is informed and believed that this DEFENDANT , then took the mail to the adjacent empty counselor's office, closed the door , and possibly turned off his body camera device as well, then tampered with this mail..Approximently 5 days later believed to be September 9th 2021, after the written " complaint " had already been submited against Officer ZAMBRANO, at approximently 1745 hours , the plaintiff OBSERVED ZAMBRANO being verbally counseled and reprimanded over " something " by TWO Sergeants that came directly to ZAMBRANO from the yard area. In the comming days Septeber 16th 2021, the plaintiff learned that Officer ZAMBRANO had been REVIEWED ( e.g.his body camera device recording's ,) and incriminating evidence was informed  nd believed to have been the CASUE for WHY officer ZAMBRANO having been REMOVED from working in housing A-5, as after September 16th 2021, the defendant no longer works in A-5 housing, nor on Fcaility A" level III..The plaintiff is informed and believes that ZAMBRANO was caught destroying / tampering with inmates mail. The letter inquestion mailed out 8/29/21, was being directed to Special Agent CHELSEA of the San Diego F.B.I. branch offcie. Also the the SD  District Attorneys Office ALL REGARDING the July 18, 2019, stabbing and staff corruption , that was on-going in suppressing material evidence of staff misconduct - leading to the stabbing...The mail OBSTRUCTION had been adversely affecting the plaintiffs ability to effectively prosecute this case, because EVERY TIME he mailed legal mail - it was being tampered with as discussed before the psychologist (Ibid), and hence complicit to the stabbing its self.

13) The defendant WARDEN COVELLO was duly appointed WARDEN at the RJ. Donovan State Prison between July 2018, and july 2019, during this time Facility A" which had housed the inexplicable " mixed bag " of active STG gang inmate's , and known SNI ( Sentive needs inmates - gang drop out's ,) that were in need of E.O.P. placement, allowed these diametrically opposed group's to LIVE on the SAME fac lity, and ALLOWED this despite over 33 " attackes " promulgated discriminately against the E.O.P. inmates e.g. stabbings, beatings, attacks , and that these " incident's " had in fact increased in both severity/intensity in 2021. that this defendant DID absolutely nothing to circumvent the KNOWN intentions of the STG gang affliates and members to " stabb " and " assualt " all E.O.P. inmates and " remove them " from the yard! That this defendant KNEW or SHOULD have KNOWN based on internal reports documentation and crime incident investigations by HIS OWN security investigator's at RJ. Donovan, the plaintiff BASES THIS ALLEGATION on a sequence of incident's communications, and observations with correctional personnel between July 2018 and July 2019, in which he was duly informed and or witnessed these factors alledged, that it is incumbent upon the plaintiff to obtain discovery to substantiate the Defendent's STATE OF MIND, and GROSS NEGLIGENCE incorperated herein..

This duly concludes STATEMENT OF THE FACTS...And is respectfully submited on behalf of inmate RADEMAKER

Robert Cavalier Layman CDCR #E-98747 , acting for the Plaintiff ...

<u>GROUNDS FOR WHY THE COURT SHOULD EXERCISE ITS DISCRETION</u>
<u>AND APPOINT COUNSEL IN THIS PARTICULAR CASE ??</u>

1) The Plaintiff Rademaker is UNABLE to afford counsel.  He has requested leave to proceed in Forma Pauperis with prayer that this court will grant accomodational relief in the form of experienced counsel - inorder to prosecute this extraordinary case culminating from civil right's violations occurring on July 18, 2019, at the R.J.D. prison located at 480 Alta Road, San Diego, California ( 92179.)

2) Plaintiff's current imprisonment/housing at R.J.D. greatly limit's or hinders his ability to litigate this case. Rademaker has been subjected to repeated acts or omission's from prison official's e.g. tampering with out-going / incoming " legal mail ", constantly being " shuffled " or moved around the prison arbitrarily, obstructing/suppressing written grievances, ect ... The Defendant's perpetual and unscrupulous acts of formidable misconduct - in repeated fashion is being deliberately aimed at Rademaker to disorientate him, cause him undue distraction and confusion making [h]is ability to navigate and prosecute civil litigation holding prison officials accountable for their egregious - even conspiratorial " acts," constituting deliberate indifference, that directly CAUSED Mr. Rademaker to be repeatedly stabbed with a 9" kitchen knife on July 18, 2019. Rademaker suffered serious medical injurys - under what can only be considered as a HATE CRIME pursuant to 18 U.S. Code §249..

3) The facts of this case are relatively simple and substantial to the elements of the prison official's ACTUAL KNOWLEDGE.. The complexities involved in proving their STATE OF MIND is much more obscure - as prison official's ( since the July 2019 incident, ) have literally done everything within their power and authority to conceal redact, or omit. This case WILL REQUIRE comprehensive and well planned supoena's upon discovery. Seeking to unvail intricate intradepartmental memorandums, policies, procedures, training manual's, supervisor's logs and directives at or during the time of this incident. It will require ACCESS upon discovery of E-mails and psychological evaluator's notes, and requisite forms, that were " documenting the pre-existing threat " upon Rademaker's life prior to the incident.

4) Inorder to prove and substantiate a " system pattern " of discriminate abuse and indifference towards the " E.O.P. class " where extraordinary acts of violence assualt's and other CONDONED acts was being permitted and that prison official's ABSOLUTELY KNEW of the illicit under-ground culture and practice of system ABUSE against E.O.P. class existed there will need to be several depositions conducted - deposing WITNESSES, that Rademaker simply does not have ACCESS to..

5) Inorder to substantiate and prove the fact that Rademaker's " basic human needs " e.g. welfare and safety were trappled knowingly deliberately and with all forms of malice oppression and evil.  Rademaker will NEED to show forth the sheer UNREASONABLENESS of prison official's actions - and that will require interrogatories forcing them to account for WHAT THEY KNEW and WHEN THEY KNEW IT... Particularly the indignity of the malice exhibited show AFTER the stabbing occurred - as one of the Defendant's CAUSED Rademaker to be placed on

" suicide watch " for having " stabbed him self in the back 10+ times.." The internal document's are being witheld from Rademaker - which would deplict exactly WHO order/initiated the placement on false pretense.. Part of Rademaker's contentions are based on the simple fact - that prison official's tried to defame or discredit " him ( claiming HE stabbed him self , ) inorder to cover-up, or absolve the CDCR + R.J.D. for civil liability.. Liability predicated on powerful evidence - that the stabbing was condoned encouraged or ordered.. For these REASONS the Plaintiff inconjunction with the aforementioned factor's of mental disability ask's this court to immediately appoint counsel in the interest's of justice. the trial in this case will undoubtedly involve conflicting testimony complex or abstract documentary evidence. Attached to this COMPLAINT is the Plaintiff's exhuastion of state remedies. Upon examination the court can render it's own conclusion as to the Plaintiff's level of disability..

WHEREFORE, Plaintiff hereby requests that the court duly APPOINT COUNSEL forthwith, a memeber of the bar experienced and able to tackle the complexities of this case. Thank you,

September 16,2021

Layman on behalf of Rademaker R. Cavalier
CDCR #E-98747 @ R.J.D. State Prison..
480 Alta road, San Diego,California (92179)

## CIVIL RIGHTS VIOLATIONS

(1) The fore going CIVIL RIGHT's Violations occured:  This defendant Dr. ZANEFAUKER violated the plaintiffs 8th amendment , and 14th amendment for failing to provide " adequate medical mental health care "... That this defendant failed to exercise a legitimate STANDARD , and well established level of " E.O.P. " care , that this defendant's incompetence, gross neglig -ence CAUSED the plaintiff to SUFFER serious irreparable harm, that the plaintiff suffered deep psychological trauma, and PTSD , as a direct result of the defendant's gross negligence, that this defendant KNEW the plaintiff was under the special appointment of the Armstrong decision, that REQUIRED SPECIAL SUPURERVISION, CUSTODY, AND CARE of this plaintiff due to HIS " qualified disabilities," that this defendant failed to promulgate,abide by, follow, or enforce well established penalogical interests culminating from Departmental training, Licensing requirements , Institutional policies & procedures , and Directives in REQUISITE to his employment with the CDCR, that this failure CAUSED serious irrepable harm to the plaintiff on July 18, 2019, whereby the plaintiff was repaetedly STABBED several times , that this defendant FAILED to IMMEDIATELY and COMPREHENSIVELY ACT with all REASONABLENESS to alarm,prevent, discourage, or obstruct the imminent THREAT upon the plaintiff prior to the stabbing (Ibid,) that this defendant KNEW or SHOULD have know to IMMEDIATELY file ALL NECESSARY INTRADEARPIMENTAL " E-mails " and written objective notice's to all CDCR employees , custody staff, and  upervisor's charged with the task of safet keeping ALL E.O.P. inmates under their custody and care. That this defendant's gross negligence constitutes condonement,  ncouragement, or promotion of the KNOWN THREAT to the safety & welf re of the plaintiff. That the well-established intradepartmental mental health policy & procedures governing ALL mental health delivery procedures & guidelines REQUIRED the defendant to amply REPORT and DOCUMENT the imminent threat - level to the very BEST OF HIS KNOWLEDGE, and failure to do so violated the plaitiffs 8th amendment right's in prohibition of cruel and unusual forms treatment & punishment. Finall  , the defendant violated the plaintiff 14th amendment rights for gross and negligent failure to follow pre-established well practiced well known CDCR mental health guidelines & procedures governing mental delivery - safety - security of all " EOP " inmates thereof, that  are qualified ADA disabled..Thus DUE PROCESS VIOLATIONS .. That this defendants failure to act / indifference was cultivated based on information and belief duress intimidation and threats from his employer CDCR custody staff, that caused him to passively and illicitly ignore the imminent THREAT against the Plaintiff...

( CONTINUED CIVIL RIGHTS )

(2) The fore going CIVIL RIGHT's Violations occured: This defendant Sgt. Q. JACKSON violated the plaintiffs 8th and 14th amendment rights under the US Constitution. Specifically for through exceptionally CALLOUS and MALICIOUS acts and omissions Sgt. Q. JACKSON engaged in the UNREASONABLE UNLAWFUL and entirely ILLICIT breach of State CDCR code of conduct mandates , institutional / Departmental protocol, policies , procedures , and regulations , that well establish the REQUIRED enforcement and diligent compliance with health & safety protocol 's governing inmate's housing and security procedures in place to prevent and secure serious threats to ANY PERSONS within the prison, that this defendant incompetence,gross/callous indifference, and malice and oppression in REFUSING to follow pre-established well KNOWN MAGANERIAL requirements , that ANY Sergeant must take to prevent secure, and preclude KNOWN assailant's from excuting threats, intimidation, and/or conspirarcies to HARM or INJURY any human being within the jurisdiction of the CDCR and within the RJ Donovan state priosn, that this defendants UNREASONABLY OBJECTIVE INTENT to encourage , promote , allow , or condone , the illicit activities of Inmaet's MARTIN and MONTALVO , that refusing to interceed, intervene and take IMMEDIATE or TIMELY action to obstruct,deter, and prevent the SERIOUS irreparable harm to the plaintiff , that this defendant was specifically TRAINED in preventative measures in both CDCR policy & procedures, record, documents, directives, and videos, and ALL forms of relevant reliable information PROVIDED by the CDCR to ALL SERGEANT's within the CDCR , discussing the TACTICAL PREVENTION and COMPLIANCE of regulatory effect of law in combating known or precieved " threats " or " safety concerns " related to ALL INMATE HOUSING NEEDS, that inaccordance with the aforementioned OBJECTIVE CRITERIA and training requisites duly promulgated by the CDCR , the defendant KNEW and or SHOULD have KNOWN , that PUBLIC SAFETY required the diligent protection and safe-keeping of ALL INMATES as a paramount and LEGITIMATE penalogical interest, that by any form necessary CDCR officers are REQUIRED to prevent , disrupt, and or prevent KNOWN THREATS regardless of their precieved or mild appearance, that the CDCR promulgates policy directives that ALL SERGEANTS duly enforce zero tolerance for situations and circumstances that knowingly JEOPARDIZE the safety and welfare of another human being, and or COMPROMISES the security of the institution and that REQUIRES immediate action to STOP the threat, this includes " conspiracies " to commit acts of violence, that this defendant was COMPLICIT in encouraging, promoting, allowing both inmate's Montalvo and Martin physically assualt and stabb the plaintiff , and thereby violating the plaintiffs 8th and 14th amendment protections against CRUEL and UNUSUAL PUNISHMENT and DUE PROCESS of law .. That this defendant ACTED with callous disregard, MALICE and oppression, to trigger,

( CONTINUED CIVIL RIGHTS VIOLATIONS )

1   vicarious acts and felony assualt upon the plaintiff David Rademaker on July 18, 2019, that

2   this defendant KNEW of the impending " plans " and was personally " warned " by both the

3   plaintiff , and the co-defendant in this case, that this defendant was the FIRST LEVEL
    manager in charge of protecting the plaintiff, and LEGALLY was required to take affirmative

4   and comprehensive ACTION to protect Rademaker's life, that this defendant was CONSUMED with

5   vigorous MALICE towards the plaintiff, that HE knowingly and willingly and wantonly engaged

6   in egregious acts and omissions of malfeasance,dereliction of official duties, and oppression,
    and for these foregoing reasons that defendant acted OUTSIDE any and all legitimate penalogic-

7   al interests VIOLATING the palintiffs constitutional right's - CASUSING SERIOUS IRREPARABLE

8   INJURY/HARM TO THE PLAINTIFF, that this defendant also KNEW that BOTH CONSPIRATOR's that were

9   identified prior to the July 18, 2019, stabbing of the Plaintiff were both VALIDATED STG gang

10  inmates, and according to CCR Title 15 §3023; were REQUIRED to IMMEDIATELY contact the prisons
    gang ISU force for follow-up and prevention, that this defendant KNEW and WAS WELL INFORMED

11  that these two inmate culprit's were VALIDATED nazi-skinhead gang member's STG 's under the

12  CDCR's " zero tolerance policy " set forth under Section §3023 (b); making the maliciousness

13  of these categorically violent & dangerous inmate's profound and extraordinarily cruel....

14

15  (3)  The following CIVIL RIGHT'S violations occured: Warden COVELLO violated plaintiffs

16  8th amendment right's prohibiting cruel and unusual punishment. That this defendant did in
    fact CREATE and DESIGNED a inherently hostile , violent , and dangerous living environment

17  for the E.O.P. plaintiff in this case. That this defendant KNEW and CERTAINLY SHOULD HAVE

18  KNOWN , based on CDCR / RJD criminal incident reports, RJD-RVR's, and criminal refferal's

19  landing on HIS DESK for routine and frequent review's, that there was an alarming , ever-

20  increasing PATTERN of systemic VIOLENCE being actively promulgated against the E.O.P. inmates

21  by KNOWN STG's gang inmates , that for the purpose of HOUSING on the SAME facility are

22  diametrically opposing inaccordance with the CDCR's own Departmental policies,procedures,
    protocol's, and OBJECTIVES for securing safe and secure housing, that this defendant was

23  the responsible party for single-handly STRUCTURING,RELOCATING, and PLACING ACTIVE GANG -

24  MEMBER's ( STG's CCR 15 § 3023; ) with the E.O.P. inmate population, that this defendant
    KNEW that many E.O.P. inmates have " sensitive needs " and/or protective custody needs from

25  active gang members, having been VICTIMIZED in the past by STG's, that the CDCR developed

26  and promulgated " SNY " facilities ( Sensitive needs yards ,) that exclusively HOUSE these

27  categorical PLACEMENTS, that WHEN these inmates are PLACED under more SERIOUS MENTAL HEALTH

28  TREATMENT PLANS - E.O.P. they are " relocated to centralized housing holding exclusively

( CONTINUED CIVIL RIGHTS VIOLATIONS )

1   the E.O.P. category - inmates, However this defendant IGNORED the customary practice , and
2   welll designed practice of exclusively HOUSING ALL E.O.P. inmates on a FACILITY that is
3   traditionally - SNY, not active with known STG's inmates that are sworn enemies liable to
    stabb and attack in discriminative fashion E.O.P. inmates, and it was this BREACH and ABUSE
4   of authority , that INHERENTLY CAUSED a serious and DANGEROUS degree of violence, which CAUSED
5   the plaintiff serious irreparable harm/injury, that IMMEDIATELY AFTER the July 18, 2019, the
    Defendant ORDERED the RELOCATION REHOUSING OF ALL ACTIVE STG's from Facility A" , to Fcaility
6   B" in effort to attempt to escape liability, that this defendant ABSOLUTELY KNEW , that HE
7   had CULTIVATED an ENVIRONMENT of serious UNREASONABLE RISK to the plaintiff, that this defend-
8   ant took pervasive STEPS to CONCEAL and HIDE his liability , and it is informed and believed
9   that this defendant executed indirect/direct " ORDER'S " to silence and oppress the plaintiff
    in wake of HIS GROSS NEGLIGENCE malice and oppression, thus violating the plaintiffs 8th
10  and 14th amendments to DUE PROCEES & CRUEL AND UNUSUAL PUNISHMENT, that directly CAUSED SERIOUS
11  AND IRREPARABLE HARM/INJURY to the plaintiff...This defendant is the primary policy maker
12  enforcer, and housing compliance officer, that HE alone has ALL EMPIRICAL DATA POINTS ,
13  INCIDENTS REPORTS , AND MATERIAL AND RELEVANT evidence sequestered regarding HIS and OTHER
    co-defendant criminal/civil acts and omissions, and that HE acted in a shape and manner that
14  was to evade or escape prosecution in this case - further compoinding the aforemention civil
15  right's violations ...
16

17  **(4)** The foregoing CIVIL RIGHTS violations occured: This defendant Officer P. GONZALEZ , did
18  violate the palintiffs 8th amendment right's , by the callous mistreatment , dishonesty,
19  malice and oppressive acts and omissions HE conveyed against the plaintiff - that CAUSED the
    plaintiff to suffer the indignity of placement into " suicide watch " in the aftermath of
20  being stabbed on July 18, 2019, and suffering from physical wounds that were very painful.
21  The plaintiff was subjected to being " naked " and without comfort confined in a isolation
22  cell stripped of all personal property , and matress forced to sleep on concrete...This
23  defendant CAUSED this cruel and unusual placement under false and grossly-misleading pretense,
    that this defeendant forged, lied, or dishonestly reported to medical staff that the plaintiff
24  repòrtedly ; " stabbed himself with something.." This was callous indifference and malicious
25  in nature, and caused serious harm, pain and suffering to the plaintiff, including cruel
26  and unusual conditions of confinement, thus violating the 8th amendment..

27  **(5)** The foregoing CIVIL RIGHTS violations occured: This defendant Officer ZAMBRANO , did
28

( CONTINUED CIVIL VIOLATIONS )

1  violate the plaintiffs 1st , and 14th amendments when HE willfully wantonly commited a Federal

2  offense in FELONY violation of State law whereby attempting to coerse, tamper, censor, and

3  destroy the plaintiffs out-going privileged " legal mail " directed to the Courts,F.B.I. and

   Attorney's, that this defendant attempted to obstruct justice, silence free speech protected

4  by the US. Constitution , and vex harass, and annoy the plaintiff, that this defendant ACTED

5  in concert with R.J. Donovan co-defendant's to prevent, oppress,suppress, and obstruct the

6  plaintiff's ability to prosecute his claims against the prison Authority at RJD, and did so

   with all MALICE and oppression entailed by a criminal mind, that deliberately attempted to

7  CAUSE SERIOUS harm to the plainitff, that this defendant KNEW or should have known that

8  ALL out-going mail marked " legal confidential mail " is protected by law, and is prohibited

9  from being " opened " outside the presence of the plaintiff, that such mail maynot be defaced

10 , nor destroyed for ANY REASON, and that doing so is a FELONY, this defendant violated the

   1st amendment to free speech and access to the court under the 14th amendment DUE PROCESS,

11 and did so in a callous and unusual manner CAUSING cruel and unusual stress paranoia and toxic

12 living environment constituting cruel and unusual punishment, that at no time did this defend-

13 ant ACT under legitimate penalogical interests..

14

15              PRAYER FOR RELIEF

16 * A DECLARATION ; That the ACTS and OMISSIONS and ADMISSIONS described herein violated

   plaintiff's rights under the Constitution and laws of the United States..

17

18 * A PRELIMINARY INJUNCTION; ordering the defendants NAMED therein to RESTRAIN FROM any form

   of MAIL DISTRIBUTION,HANDLING,OR PROCESSING, and immediately stop as it relates to plaintiffs

19 incomming/out-going mail ...

20 * COMPENSATORY DAMAGES; In the amount of 25,000 US DOLLARS ag inst each defendant's named,

21 jointly and severally.

22 * PUNITIVE DAMAGES; In the amount of 50,000 dollars against defendant's Sgt.Q.JACKSON and

23 25,000 dollars for ALL REMAINING DEFENDANTS named herein.

24 * A Jury trial: On all issues triable by jury..

25 * Plaintiff's COST/COURT FEE'S/ for this suit..

26 * Any and ALL additional relief as may be deemed necessary by this Court reasonable and JUST,

   proper, and equitable..

27

28 DATED: 10/11/21

                              ( VERIFICATION CONTINUED )

( CIVIL RIGHTS VIOLATION CONTINUED )

(5) The foregoing CIVIL RIGHTS VIOLATIONS occured: This defendant associate Warden STEADMAN, did violate the plaintiffs 1st amendment rights , after repeated notifications and written electronic warnings from psychologist SATO, this defendant acted indifferently, incompetence,and or malfesance ALLOWING the dishoest malice oppression of a co-defendants acts and omissions in concert to HIS own indifference to cause the plaintiff's federally protected mail to be destroyed successively tampered with and ultimately defaced and trashed, that this defendant KNEW better, or SHOULD HAVE KNOWN better, this defendant is the primary Warden charged with oversite and supervision of all inmate disciplinary and staff disciplinary investigations, that this defendant was required to immediately respond to any psychologist E-mails,or written complaints on behalf of E.O.P. inmates according to the ARMSTRONG agreement, and significantly FAILED to stop, or discipline the Officer or officers responsible, thus CAUSING serious irreparable damages to the plaintiff..

( END OF CIVIL RIGHTS CLAIMS)

( **Verification continued** )

DAVID RADEMAKER CDCR #P-01361

480 Alta road

San Diego,CA. 92179

I David Rademaker have read the aforementioned complaint and hereby VERIFY that the MATTERS ALLEGED therein are true and correct, except for as to matters alleged on information and belief, and as to those, I certainly believe them to be true, and verifiable. I certify under the penalty of perjury that the foregoing is true and correct...

Executed at RJD State Prison on October 2, 2021

David RADEMAKER CDCR # P-01361