UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER, CDCR #P-01361,<br><br>                      Plaintiff,<br><br>v.<br><br>DR. GANZEKAUFER, PH.D, CDCR Psychologist; COVELLO, Warden; Q. JACKSON, Correctional Sergeant; P. GONZALEZ, Correctional Officer; ZAMBRANO, Correctional Officer; and STEADMAN, Warden,<br><br>                      Defendants. | Case No.: 21-CV-1757 JLS (AHG)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING MOTION TO APPOINT COUNSEL; (3) DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER; AND (4) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF Nos. 2–4) |

      Plaintiff David Rademaker, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this action brought pursuant to 42 U.S.C. § 1983.  Currently pending before the Court are his Amended Complaint ("FAC," ECF No. 12); Motion to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2); Motion to Appoint Counsel ("Counsel Mot.," ECF No. 3); and "Order to Show Cause for a[] Preliminary Injunction and Restraining Order," which the Court liberally construes as a Motion for a Temporary Restraining Order ("TRO Mot.," ECF No. 4).

In his FAC, Plaintiff alleges an RJD psychologist, two wardens, and several other RJD correctional officials violated his Eighth and Fourteenth Amendment rights in July 2019 by failing to protect him from an attack by two fellow inmates. *See* FAC at 14–15, 17–21. Plaintiff further claims Defendant Zambrano violated Plaintiff's First and Fourteenth Amendment rights by tampering with his mail in August 2021 in order to "silence or intimidate him." *Id.* at 16–17, 21–22. Plaintiff's TRO Motion seeks a Court order enjoining Defendant Zambrano from "any mail distribution or handling." *See* TRO Mot. at 1.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915(a), however, the Court may authorize commencement of a civil case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed *in forma pauperis* ("IFP"). *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And, while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

*Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)), "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar," *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Frost v. Child & Family Services of San Bernardino Cty. & San Bernardino Juvenile Court*, No. 3:20-CV-2402-JLS-BLM, 2021 WL 1195834, at *1 (S.D. Cal. Mar. 30, 2021).

Before the enactment of the Prison Litigation Reform Act (the "PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While his civil action or appeal may proceed upon submission of an affidavit that demonstrates an "[i]nab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay an initial partial filing fee, and thereafter the remaining portion of the entire fee in "increments" or "installments," *Bruce* 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847. Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2.

In support of his IFP Motion, Plaintiff has submitted two prison certificates authorized by an RJD accounting specialist, as well as copies of his CDCR Inmate Statement Report for the 6-month period prior to the filing of his Complaint. *See* ECF Nos.

6, 10; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. But these documents do *not* demonstrate Plaintiff is "unable to pay" the $402 civil filing fee. *See* 28 U.S.C. § 1915(a).[2] Instead, Plaintiff's submissions show he has had $533.86 in average monthly deposits, carried an average monthly balance of $2,402.87 over the 6 months immediately preceding the filing of this action, and had an available balance of $2,036.45 to his credit at the time of submission. *See* ECF Nos. 6, 10 at 1; *cf. Roberts v. Hensley*, No. 3:15-CV-1871-LAB (BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019) (finding prisoner was "clearly indigent" where "[h]e ha[d] no funds in any of his accounts and thus would be unable to pay any costs assessed to him").

Thus, because the $480.57 initial partial filing fee assessed pursuant to 28 U.S.C. § 1915(b)(1)(B) exceeds the $402 civil filing fee due, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2).

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a Motion to Appoint Counsel. *See generally* Counsel Mot. There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances" not currently present here and necessarily depends upon a

---

[2] Indeed, a document attached to his TRO Motion indicates Plaintiff is also paying inmate Robert Cavalier, CDCR #E-98747, for "helping [him] with law work." *See* TRO Mot. at 3. Cavalier has also signed Plaintiff's Motion to Appoint Counsel as having executed it on Plaintiff's behalf. *See* Counsel Mot. at 2. The Court cautions Plaintiff that, while Cavalier may assist him, Cavalier may *not* file documents in this case on Plaintiff's behalf. Although "parties may plead and conduct their own cases personally," *see* 28 U.S.C. § 1654, "the right to proceed pro se in civil cases is a personal right," and a person appearing pro se has no authority to represent others, *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (citations and quotation marks omitted); *see also* S.D. Cal CivLR 5.1(h) ("Except as provided by the federal rules, or by leave of court, no document will be filed in any case by any person not a party thereto."); S.D. Cal. CivLR 83.11(a) ("Any person who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person.").

plaintiff's IFP status.[3]  *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent *any person unable to afford counsel*.") (emphasis added).  Thus, because no exceptional circumstances warrant the appointment of counsel in this case at this time, and because Plaintiff has not demonstrated he is "unable to afford counsel" pursuant to 28 U.S.C. §§ 1915(a) and 1915(e)(1), the Court **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

## MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff also seeks preliminary injunctive relief enjoining Correctional Officer Zambrano, who Plaintiff alleges tampered with his legal mail in August 2021, from taking any future action with respect to "any mail distribution or handling."  *See* TRO Mot. at 1.

However, to the extent Plaintiff seeks a TRO without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition."  Fed. R. Civ.

---

[3] In fact, while Plaintiff alleges he is disabled, and a participant in the CDCR's Enhanced Outpatient Treatment Program due to "serious mental illness and neuro-cognitive defects," *see* Counsel Mot. at 1, a fellow inmate has assisted him in submitting both his original and amended complaints, which at this stage of the case do not demonstrate that Plaintiff is unable to "articulate his claims pro se in light of the complexity of the legal issues involved," *Wilborn v. Escalderon*¸789 F.2d 1328, 1331 (9th Cir. 1986). Indeed, the Court takes judicial notice of its own dockets, which show that, even without assistance, Plaintiff has filed and successfully prosecuted two prior pro se civil rights actions in this Court.  *See e.g., Rademaker v. Paramo,* No. 17-CV-02406-JLB-KSC, 2019 WL 4736215, at *13 (S.D. Cal. Sept. 26, 2019) (order granting summary judgment as to First Amendment free exercise claims); *Rademaker v. Juarez*, No. 18-CV-1831-WQH-AGS, 2020 WL 837344, at *1 (S.D. Cal. Feb. 20, 2020) (order denying Motion for Injunctive Relief as to Plaintiff's access to kosher meals); *see id*. ECF Nos. 63, 64 (orders granting Joint Motions to Dismiss with prejudice due to settlement).  A court may take judicial notice of its own records*, see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue,'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

P. 65(b)(1)(A). Further, Plaintiff requests injunctive relief preventing Zambrano from handling Plaintiff's mail, but Plaintiff also admits Zambrano is no longer assigned to his housing unit. *See* TRO Mot. at 2. Thus, even if the Court had the power to grant preliminary injunctive relief at this stage of the case, Plaintiff's own allegations belie any showing of immediate and irreparable injury. *See* Fed. R. Civ. P. 65(b)(1); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency.) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Moreover, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). This Court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action"; their "officers, agents, servants, employees, and attorneys"; and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C).

Because Plaintiff is not entitled to proceed IFP, he is not entitled to U.S. Marshal service pursuant to 28 U.S.C. § 1915(d), and he has yet to file proof of service upon Zambrano or any other named Defendant on his own. *See* Fed. R. Civ. P. 5(d)(1)(B)(i); S.D. Cal. CivLR 5.2. No RJD official named in either Plaintiff's original Complaint or his FAC has been provided actual notice of the existence of this civil action, nor has any Defendant been served with Plaintiff's TRO Motion. Thus, regardless of any conceivable merit, the Court **DENIES** Plaintiff's TRO Motion because the Court cannot grant injunctive relief when it has no personal jurisdiction over the party whose actions it seeks to enjoin. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*,

753 F.2d at 727–28.  A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) because it demonstrates Plaintiff is able to pay the full $402 civil filing fee, **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 3), **DENIES** Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4), and **DISMISSES** this civil action **WITHOUT PREJUDICE** based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s filing fee requirements.

Plaintiff may reopen this case by paying the full $402 filing fee <u>on or before Monday, June 13, 2022</u>.[4]  If Plaintiff chooses this course, Plaintiff must ensure his check is submitted and made payable to the Clerk of the Court, U.S. District Court, Southern District of California, and must include reference to Civil Case No. 3:21-cv-01757-JLS-AHG.

/ / /

---

[4] Should Plaintiff elect to re-open this case by paying the full $402 civil filing fee, Plaintiff is cautioned that his Amended Complaint will be subject to initial screening as mandated by 28 U.S.C. § 1915A.  Also enacted as part of the PLRA, section 1915A requires the Court to "review, … as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental officer or employee of a governmental entity."  *Id.* § 1915A(a).  "The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* §§ 1915A(b)(1), (2).  "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).  Moreover, because Plaintiff is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915, he will remain "responsible for having the summons and complaint served within the time allowed by Rule 4(m)" should his Amended Complaint survive the *sua sponte* screening required by 28 U.S.C. § 1915A.  *See* Fed. R. Civ. P. 4(c)(1).

1  If Plaintiff does *not* pay the full $402 filing fee in one lump sum <u>*on or before* **June
2  13, 2022**</u>, this case will remain dismissed without prejudice and without further Order of
3  the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

4  **IT IS SO ORDERED**.

5  Dated: April 25, 2022

6  Hon. Janis L. Sammartino
7  United States District Judge