UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER, CDCR #P-01361,<br><br>  Plaintiff,<br><br>v.<br><br>Dr. GANZEKAUFER, Ph.D, CDCR Psychologist; COVELLO, Warden; Q. JACKSON, Correctional Sergeant; P. GONZALEZ, Correctional Officer; ZAMBRANO, Correctional Officer; and STEADMAN, Associate Warden,<br><br>  Defendants. | Case No.: 21-CV-1757 JLS (AHG)<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL; AND (2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>(ECF Nos. 18 & 19) |

Plaintiff David Rademaker, a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se with a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. *See* ECF No. 12 ("FAC"). Plaintiff alleges an RJD psychologist, two RJD wardens, and three RJD correctional officers violated his First, Eighth, and Fourteenth Amendment rights when they (i) tampered with his legal mail to frustrate his ability to litigate this case and (ii) failed to

///

protect him from assault in retaliation for complaining about the mail tampering. *See id.* at 14–23.

On April 25, 2022, the Court (i) denied Plaintiff's motions to proceed *in forma pauperis*, for appointment of counsel, and for a temporary restraining order, and (ii) dismissed this action without prejudice for failure to pay the civil filing fee. *See* ECF No. 14. After Plaintiff paid the filing fee, the Court screened the FAC pursuant to 28 U.S.C. § 1915A, which "mandates early review - before docketing () or () as soon as practicable after docketing - for all complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* ECF No. 17. The Court dismissed the FAC for failure to state a claim, notified Plaintiff of the FAC's pleading deficiencies, and granted Plaintiff leave to file an amended pleading on or before November 14, 2022. *See id.* at 5–11. On October 7, 2022, Plaintiff filed the instant Motion for Reconsideration of the Court's April 25, 2022 Order to the extent it denied his motion for appointment of counsel, *see generally* ECF No. 18 ("Reconsid. Mot."), and on October 28, 2022, he filed a Motion for Extension of Time to file his amended complaint, *see* ECF No. 19 ("Mot. to Extend").

In the Court's April 25, 2022 Order, Plaintiff was informed there is no constitutional right to counsel in civil cases such as this. *See* ECF No. 14 at 4 (citing *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). Plaintiff was informed that, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to request an attorney to represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances." *Id.* at 4–5 (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). The Court noted that, while Plaintiff alleges he is disabled with "serious mental illness and neuro-cognitive defects," *see* ECF No. 3 at 1, Plaintiff also indicated that a fellow inmate had assisted him in submitting both his original and amended complaints, neither of which demonstrate an inability to "articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court took

judicial notice of its own docket, which shows that, even without the assistance of counsel, Plaintiff has filed and prosecuted two prior pro se civil rights actions in this Court. *See e.g., Rademaker v. Paramo,* No. 17cv2406-JLB (KSC), 2019 WL 4736215, at *13 (S.D. Cal. Sept. 26, 2019) (Order granting summary judgment as to First Amendment free exercise claims); *Rademaker v. Juarez*, No. 18cv1831-WQH (AGS), 2020 WL 837344, at *1 (S.D. Cal. Feb. 20, 2020) (Order denying Motion for Injunctive Relief as to Plaintiff's access to kosher meals); *see id*. ECF Nos. 63, 64 (Orders granting Joint Motions to Dismiss with prejudice due to settlement).[1]  Accordingly, the Court denied Plaintiff's motion for appointment of counsel on the basis that no exceptional circumstances warranted the appointment of counsel in this case at this early stage of the proceedings. ECF No. 14 at 5.

Plaintiff seeks reconsideration of the denial of his motion for appointment of counsel on the basis that he has been recently diagnosed with "severe nerve damage in both of his hands which makes it impossible for him to be able to write and type letters and motions." Reconsid. Mot. at 1. He claims that, as a result, he "cannot submit any letters, motions etc. to the court without relying on the help from other prisoners who will lead him down the road to nowhere in [this case]." *Id*.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The decision to grant or deny a motion for reconsideration is within the Court's sound discretion. *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

///

---

[1] A court may take judicial notice of its own records. *See United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986).

1          Here, Plaintiff has not shown that his nerve damage provides a basis for
2  reconsideration of the Court's prior Order, nor has he established exceptional
3  circumstances warranting appointment of counsel.  Plaintiff's contention that reliance on
4  other inmates to assist him in preparing documents "will lead him down the road to
5  nowhere" does not establish that any past or potential failure to succeed in litigating his
6  claims results from a lack of counsel.  As explained to Plaintiff in the Court's prior order
7  of dismissal, Plaintiff has failed to allege facts that are within his own knowledge sufficient
8  to support his claims.  Appointment of counsel is not necessary to provide those factual
9  allegations, and Plaintiff has yet to establish the existence of exceptional circumstances.
10 Such circumstances exist where there is cumulative showing of both a likelihood of success
11 on the merits and an inability of the pro se litigant to articulate his claims in light of their
12 legal complexity.  *Palmer*, 560 F.3d at 970.  Nothing in Plaintiff's Motion indicates any
13 relevant changed circumstances from the Court's prior determinations that Plaintiff (i) is
14 fully capable of legibly articulating the facts and circumstances relevant to his claims,
15 which are not exceptionally legally complex; and (ii) has yet to show he is likely to succeed
16 on the merits of the claims.  However, given Plaintiff's pro se status and his difficulty
17 writing and typing, the Court **GRANTS** Plaintiff's Motion to Extend.

## CONCLUSION

19         In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration
20 (ECF No. 18) and **GRANTS** Plaintiff's Motion to Extend (ECF No. 19).  Plaintiff has <u>sixty</u>
21 <u>(60) days' leave</u> from the date of this Order in which to file a Second Amended Complaint
22 curing the deficiencies of pleading noted in the Court's September 9, 2022 Order
23 dismissing the First Amended Complaint.  Plaintiff's Second Amended Complaint must be
24 complete by itself without reference to his prior pleadings.  Defendants not named and any
25 claims not realleged in the Second Amended Complaint will be considered waived.  *See*
26 S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n
27 amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928
28 / / /

(9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").

*If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on (i) Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b), and (ii) his failure to prosecute in compliance with a court order requiring amendment.* See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 21, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge