UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER,<br><br>                                    Plaintiff,<br><br>v.<br><br>Katchua GANZEKAUFER, et al.,<br><br>                                    Defendants. | Case No.:  3:21-cv-01757-AGS-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, and**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**[ECF No. 29]** |

Before the Court is Plaintiff David Rademaker's ("Plaintiff") Motion for Appointment of Counsel and for Extension of Time. ECF No. 29. The Court will address each request in turn.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, seeks to file a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility. ECF Nos. 14, 20, 25. On April 17, 2023, the Court dismissed Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted, permitting him until August 4, 2023, to file a Third Amended Complaint that cured the deficiencies noted. ECF Nos. 25, 28. On June 22, 2023, Plaintiff filed the instant Motion for Appointment of Counsel. ECF No. 29.

### A.  Legal Standard

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can

[also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

### B.    Discussion

First, the Court examines the threshold requirements that Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court rejected Plaintiff's claim of indigence when it denied his motion to proceed *in forma pauperis*. ECF No. 14 at 3–4 (referencing "Plaintiff's $533.86 in average monthly deposits, [and] average monthly balance of $2,402.87 over the 6 months immediately preceding the filing of this action"). Further, Plaintiff does not include any information in his motion about whether he has attempted to secure counsel on his own.

Though Plaintiff did not satisfy the threshold requirements, for completeness, the Court will briefly proceed to the next step of the analysis to determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel.

### 1.    *Likelihood of Success on the Merits*

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits.[1] Additionally, there is little before the Court regarding the merits of Plaintiff's case, other

---

[1] That Plaintiff "feels he has a valid injury [and] civil rights claim," (ECF No. 29 at 3), is not enough to establish that he is likely to succeed on the merits.

than assertions in the Second Amended Complaint, which was dismissed for failure to state a claim upon which relief could be granted. *See* ECF No. 25. Thus, at this early stage of the case, the Court cannot find that Plaintiff is likely to succeed on the merits.

### 2.    *Ability to Articulate Claims Pro Se*

As to the second factor, Plaintiff cites barriers to successfully articulating his claims, including limited access to the law library due to multiple transfers and his mental capacity. ECF No. 29. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*.

First, limited access to the law library and unfamiliarity with the law are circumstances common to most incarcerated plaintiffs and do not establish exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Second, though Plaintiff notes that his mental condition is progressing, which is "affecting his daily activities" and causes him to "get[] confused easily," (ECF No. 29 at 4), Plaintiff has not established that he is unable to prosecute this action. *See* ECF No. 14 at 5 n.3 (denying Plaintiff's first motion to appoint counsel, although he alleged "serious mental illness and neuro-cognitive defects," taking judicial notice of the court's dockets which show that Plaintiff filed and successfully prosecuted two prior actions *pro se* despite his mental conditions); *see, e.g.*, *Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrated ability to properly litigate case despite mental illness); *West v. Dizon*, No. 2:12-cv-1293-DAD-P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (no extraordinary circumstances justifying appointment of counsel for inmate-plaintiff with mental disability, which he had

surmounted with help of other inmates); *Ordaz v. Tate*, No. 1:07-CV-00634-BLW, 2010 WL 3220359, at *1 (E.D. Cal. Aug. 10, 2010) (denying request for appointment of counsel because plaintiff's mental illness did not prevent him from adequately representing himself, based on his previous filings).

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

**C.   Summary**

Since Plaintiff has failed to show that exceptional circumstances require appointment of counsel,[2] the Court **DENIES** Plaintiff's request for appointment of counsel without prejudice.

/ /

/ /

/ /

_____

[2] The Court further notes that a request for appointment of counsel necessarily depends on a plaintiff's *in forma pauperis* status. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (noting that requesting an attorney for a *pro se* party occurs "[i]n proceedings *in forma pauperis*"); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent <u>any person unable to afford counsel</u>.") (emphasis added). As explained above, Plaintiff has not demonstrated that he is indigent and, as such, exceptional circumstances requiring the appointment of counsel are not met.

## II.   PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

The deadline for Plaintiff to file his Third Amended Complaint was extended once before to August 4, 2023. ECF No. 28. In the instant motion, Plaintiff notes his desire to pursue his case and requests another extension of time because of his mental capacity, impending transfer to another correctional facility, and his request for counsel. ECF No. 29. Though the Court denied Plaintiff's request for counsel, the Court finds good cause to **GRANT** Plaintiff's request to extend Plaintiff's deadline to file his amended complaint. Thus, by **September 15, 2023**, Plaintiff must file his Third Amended Complaint.

The Court reminds Plaintiff that his Third Amended Complaint must be complete by itself without reference to any version of his earlier complaints. Defendants not named and any claims not re-alleged in his Third Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc*., 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## III.   CONCLUSION

For the reasons set forth above, the Court **ORDERS** the following:

1.     Plaintiff's Motion for Appointment of Counsel (ECF No. 29) is **DENIED** without prejudice.

2.     Plaintiff's Motion for Extension of Time to File Amended Complaint (ECF No. 29) is **GRANTED**. Plaintiff must file his Third Amended Complaint by **September 15, 2023**.

**IT IS SO ORDERED.**

Dated: July 10, 2023

Honorable Allison H. Goddard
United States Magistrate Judge